Caruthers, J.,
delivered the opinion of the Court.
The indictment and conviction were for bigamy, or cohabitation after that offence, under the Code, sec. 4889.
“ If any person being married shall marry another person, the former husband or wife then living, or continue to cohabit with such second husband or wife in this State, such person shall be imprisoned in the penitentiary not less than two, nor more than twenty-one years.”
Neither the first nor second marriage was in the county of Wayne, where the accused was indicted and tried. The first count is for bigamy, and the second for cohabiting in Wayne, after the ■ offence of bigamy had been committed in another county.
The first question is upon the venue. By the Constitution, the accused has a right to be indicted in the county where the offence was committed; and we held at this term, that this right cannot be infringed, even by the Legislature. However, *546 this question may have been decided before the Code, or by the common law, it is now, under the Code, only a matter of construction. We think it clear, that by this section, “to continue to cohabit with such second husband or wife, in this State,” is a distinct and complete offence, and as much cognizable in the county where it' occurs, as the crime of bigamy is in the county where the second marriage took place. The offender could not be charged for the latter crime in any other county than that where it occurred; but, as to the former, it may be in a different county, and must be located by the facts, as well as the other. They are two distinct offences. To make out the case for unlawful cohabitation, the offence of bigamy must be proved by establishing, both the marriages, and that at the time of the second, the former had not been dissolved by divorce, or death, either actual or presumed. This new offence was created to prevent the scandal and evil examples of permitting men and w’omen to cohabit in any community of this State, upon an unlawful second marriage, when the first, as well as the last, or either, may have taken place in any other Otate or county. But let the reason be what it may, the creation of the new offence is dear and explicit, and the law must he enforced.
Second. It is insisted that illegal evidence was admitted on the trial. We think differently. 1. The so called second wife was allowed to be introduced to prove the cohabitation in Wayne. She was competent by all the authorities, after the first marriage; and also that the first wife was still alive, was proved. 2. Again, the declarations and confessions of the defendant, as to the first and second marriages were allowed to be proved, without the production of the license, or accounting for their non-production, or the introduction of any eye witness, of either marriage. This is also settled by the Code, sec. 4841, without reference to other authority, in favor of the ruling of the Court.
There is no error in the case, and the judgment must be affirmed.